WO

JL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zion Z. Kauffman, | No. CV 21-08231-PCT-JAT (JZB) |
| Plaintiff, | |
| v. | **ORDER** |
| Karolina Czaplinska, | |
| Defendant. | |

On October 20, 2021, Plaintiff Zion Z. Kauffman, who is confined in the Mohave County Jail, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. On November 3, 2021, Plaintiff filed an Application to Proceed In Forma Pauperis. In a November 9, 2021 Order, the Court denied the deficient Application to Proceed with leave to refile within 30 days. Subsequently, Plaintiff filed two more deficient Applications to Proceed In Forma Pauperis. In a December 17, 2021 Order, the Court denied Plaintiff's third deficient Application to Proceed and gave him a final opportunity, within 30 days, to pay the filing and administrative fees or file a complete Application to Proceed In Forma Pauperis.

On January 3, 2022, Plaintiff filed a fourth Application to Proceed In Forma Pauperis. (Doc. 10). Plaintiff again failed to complete and sign the Application to Proceed and failed to file a certified trust account statement. In the December 17, 2021 Order denying Plaintiff's third Application to Proceed In Forma Pauperis, the Court explicitly warned Plaintiff that he would have only one more opportunity to file a complete

1  Application to Proceed, which he failed to do.  It is well established that under Federal
2  Rule of Civil Procedure 41(b), a district court has authority to dismiss a plaintiff's action
3  because of his failure to comply with court orders.  *See* Fed. R. Civ. P. 41(b); *Ferdik v.*
4  *Bonzelet*, 963 F.2d 1258, 1260 (1992) (holding that a district court may dismiss an action
5  for failure to comply with any order of the court).

6  In determining whether Plaintiff's failure to comply with the Court's Orders
7  warrants dismissal of the case, the Court must weigh the following five factors: "(1) the
8  public's interest in expeditious resolution of litigation; (2) the court's need to manage its
9  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition
10 of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*,
11 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (quoting *Henderson v. Duncan*, 779 F.2d
12 1421, 1423 (9th Cir. 1986)).  "The first two of these factors favor the imposition of
13 sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction.
14 Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v.*
15 *Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

16 Here, the first, second, and third factors favor dismissal of this case.  Plaintiff's
17 repeated failure to comply with the Court's Orders prevents the case from proceeding in
18 the foreseeable future.  The fourth factor, as always, weighs against dismissal.  The fifth
19 factor requires the Court to consider whether a less drastic alternative is available.

20 The Court finds that only one less drastic sanction is realistically available.  Rule
21 41(b) provides that a dismissal for failure to comply with the Court's orders operates as an
22 adjudication upon the merits "[u]nless the dismissal order states otherwise."  In the instant
23 case, the Court finds that a dismissal with prejudice would be unnecessarily harsh.  The
24 Complaint and this action will therefore be dismissed without prejudice pursuant to Rule
25 41(b) of the Federal Rules of Civil Procedure.

26 . . . .
27 . . . .
28 . . . .

**IT IS ORDERED:**

(1) This action is dismissed without prejudice for failure to comply with the Court's Orders pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of the Court must enter judgment accordingly and close this case.

(2) Plaintiff's Application to Proceed in Forma Pauperis (Doc. 10) is **denied as moot**.

Dated this 12th day of January, 2022.

James A. Teilborg
Senior United States District Judge